# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MELVIN CHAFFERDINE DUNIYA,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-15-0590-I-1 |
| v. | |
| AGENCY FOR INTERNATIONAL<br>    DEVELOPMENT,<br>    Agency. | DATE: April 12, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Melvin Chafferdine Duniya, Washington, D.C., pro se.

Harmony Wade, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency removed the appellant, a GS-13 Financial Management Specialist, based on a single charge of failure to follow instructions. Initial Appeal File (IAF), Tab 4 at 24-27. The deciding official found that, on the three instances specified in the notice of proposed removal, the appellant refused to follow his supervisor's instructions to sign letters accepting the designation of Contracting Officer's Representative (COR) and to serve in that capacity to manage two agency training contracts. *Id.* at 24.

¶3 The appellant filed a timely appeal, in which he argued that the agency's instructions were illegal because he lacked the proper certification. IAF, Tab 1. He also argued that it would be impossible for him to perform the COR duties in addition to his other duties. *Id.* The appellant further contended that his supervisor lacked the requisite authority to designate CORs and that COR duties were incompatible with his other duties as a vendor database administrator. IAF, Tab 12 at 4-5; *see* IAF, Tab 4 at 29. He interposed affirmative defenses of reprisal for whistleblowing and race discrimination. IAF, Tab 1, Tab 8 at 6-8. After holding a hearing, the administrative judge affirmed the appellant's

removal. IAF, Tab 29, Initial Decision (ID). The administrative judge found that the appellant conceded, in his response to the agency's notice of proposed removal, as well as in his appeal below, that he refused to obey the agency's instructions to sign the specified designation letters and to serve as the COR on the contracts at issue, choosing instead to dispute the propriety of the orders for him to do so. ID at 3; IAF, Tab 4 at 29-32.

¶4 To prove a charge of failure to follow instructions, an agency must establish that the employee: (1) was given proper instructions; and (2) failed to follow the instructions, regardless of the employee's intent. *E.g.*, *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014). Even where there is substantial reason to believe that an order is improper, an employee first must obey the order and then challenge its validity, except in "extreme or unusual circumstances" in which the employee would be placed in a clearly dangerous situation or which would cause him irreparable harm. *Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶¶ 16-17, *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009). This rule reflects the fundamental management right to expect that its decisions will be obeyed and its instructions carried out. *Id.*, ¶ 16. Exceptions to the rule are not based on the correctness of the employee's objections to the order but apply in situations in which there could be a significant adverse impact on the employee from cooperation with an order that might be improper. *Id.*, ¶ 18.

¶5 The administrative judge found the appellant's argument that his supervisor lacked the authority to designate him as a COR was specious because the record instead indicated that his supervisor only had identified the appellant to the proper Contracting Officer who then used her undisputed authority to designate the appellant as a COR. ID at 4-5. Regarding the appellant's certification to perform COR duties, the administrative judge found that hearing testimony credibly established that the appellant had taken sufficient continuing education credits to maintain his certification, and further found that, even if he had not properly maintained that credential, such failure would not be a proper basis on

which to refuse to obey the instruction. ID at 5-8. The administrative judge found that the agency established that it had sufficient safeguards to mitigate any potential incompatibility between COR duties and the appellant's duties managing a vendor code database, noting the requirement for others to sign off on the appellant's actions and finding that, in any event, such potential conflict also was not a proper basis on which to refuse to obey the instruction. ID at 8-9. Similarly, the administrative judge found that the appellant's contention that he did not have enough time to perform COR duties as well as his vendor database duties was again not a proper basis on which to refuse to obey the instruction, and she concluded from the record as a whole that this was the actual reason motivating the appellant. ID at 9-10. Thus, the administrative judge found that the agency established by preponderant evidence that the appellant engaged in the specified misconduct and she sustained the charge. ID at 10.

¶6     The administrative judge further found that the appellant failed to establish his affirmative defenses. ID at 10-16. The appellant essentially claimed that the proposing and deciding officials had collaborated with a previous supervisor to continue that individual's alleged practice of racial discrimination against the appellant. ID at 11; IAF, Tab 13. However, despite her repeated entreaties for him to do so, the administrative judge found that the appellant failed to present any evidence or elicit any testimony, save for his own, in support of his theory that the officials involved were doing the bidding of the appellant's prior supervisor or that the officials themselves, including the prior supervisor, had any motivation to discriminate against him on the basis of his race. ID at 11-12.

¶7     The administrative judge also found that the appellant failed to establish his affirmative defense of reprisal for protected whistleblowing activity. ID at 12-16. First, she found that, even though the appellant actually disclosed a violation of an agency rule regarding the allocation of office space, because he disclosed it as an example of preferential treatment towards a coworker of another race, and was unaware at the time of his disclosure that such a rule existed, he did not have a

reasonable belief that he was disclosing a violation of a rule and therefore engaging in protected whistleblowing when he made the disclosure. ID at 15. Nevertheless, the administrative judge went on to find that, even if the appellant had established that he had a reasonable belief that he was disclosing a violation of a rule at the time of his disclosure, he failed to prove that his alleged disclosure was a contributing factor in the agency's removal action. ID at 15. Again, despite the appellant's opportunity at the hearing to question the officials involved under oath, and the administrative judge's repeated invitations for the appellant to offer evidence in support of a retaliatory motive, the administrative judge found that the appellant "did not assert, much less prove, any facts that connect his disclosure with the relevant officials' motives to either propose or effect his removal." ID at 16.

¶8 Regarding the penalty, the administrative judge found that the deciding official considered all the relevant *Douglas* factors, that the penalty did not exceed the bounds of reasonableness, and that the appellant's misconduct bore a nexus with the efficiency of the service. ID at 16-19. She also noted that the agency had twice employed progressive discipline in the previous 2 years for the same misconduct implicated here and had specifically warned the appellant that he would receive additional discipline for his continued failure to follow instructions. ID at 18.

¶9 In his timely filed petition for review, the appellant reasserts his argument that the instruction at issue was not a proper one, and he reiterates his affirmative defenses. Petition for Review (PFR) File, Tab 1. He also argues that the administrative judge abused her discretion concerning discovery and witnesses and submits what he claims is new and material evidence. *Id.* The agency responds in opposition. PFR File, Tab 5.

¶10 As for the merits of the appellant's arguments, we agree with the administrative judge that none of the reasons why the appellant claims that he refused the instructions at issue show that obeying the instruction would have

placed him in a clearly dangerous situation, or caused him irreparable harm. *See Pedeleose*, 110 M.S.P.R. 508, ¶¶ 16-17. The appellant's arguments regarding whether the agency correctly designated him as a COR and the currency of his COR certification both implicate the validity of his actions in that role, and, as he indicates on review, a COR acting in the absence of such authority "may result in an unauthorized/informal commitment" under Federal acquisition regulations. PFR File, Tab 1 at 12. However, Federal Acquisition Regulation (FAR) 1.602-3, submitted by the appellant as part of his case below, specifically provides for the ratification of such unauthorized commitments. IAF, Tab 14, Exhibit (Ex.) 10 at 1. When the pertinent regulations provide for such a remedy, it cannot be said that the harm from such an unauthorized commitment is irreparable. *See Pedeleose*, 110 M.S.P.R. 508, ¶¶ 16-17. As the administrative judge noted, the record contains no evidence indicating what penalty might be imposed on an improperly credentialed COR, and FAR 1.601(a) places the ultimate responsibility for the lawful administration of Federal contracts on the head of the agency, not the COR. ID at 8; IAF, Tab 14, Ex. 10 at 1. Moreover, the appellant has failed to show, and we perceive no likely circumstance under which he could show, that obeying the instructions at issue would have put him in immediate danger or caused irreparable harm. The same is true of the appellant's assertions that it would be impossible for him to perform the COR duties in addition to his other duties and that such duties were incompatible with his management of the vendor database.

¶11     Thus, we agree with the administrative judge that the appellant failed to establish that obeying the instructions at issue would have either placed him in a clearly dangerous situation or caused him irreparable harm. ID at 8-10; *see Pedeleose*, 110 M.S.P.R. 508, ¶¶ 16-17. The appellant identifies nothing on review that would cause us to revisit the administrative judge's findings regarding the charged misconduct. Nor has the appellant identified anything on review that would cause us to revisit the administrative judge's findings regarding the nexus

of the appellant's misconduct with the efficiency of the service, or the reasonableness of the penalty, especially considering the progressive discipline the appellant previously received for the same misconduct, and his assertion before the administrative judge that if he returned to work, he would continue to refuse to follow the instruction at issue, which shows a lack of remorse on his part, and indicates a lack of rehabilitation potential. ID at 18-19; IAF, Tab 4 at 39-42, 48-50.

¶12      Regarding his affirmative defenses, the appellant reiterates his arguments that agency officials discriminated against him, by "bullying [him] through work assignments." PFR File, Tab 1 at 15. However, his conclusory presentation on review, *id.* at 14-15, provides no reason to revisit the administrative judge's conclusions, which she based primarily on the testimony before her, ID at 10-12. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant fails to identify such reasons. In this regard, the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶13      Regarding his whistleblowing defense, the appellant challenges the administrative judge's conclusion that he lacked a reasonable belief that he was disclosing a violation of a rule because, even though he acknowledges that he was unaware of the specific rule in question, once he learned of the rule he "knew that he would be retaliated against." PFR File, Tab 1 at 15. Given the administrative judge's finding that the appellant also failed to demonstrate that his purported disclosure was a contributing factor in the removal action, we agree that, even if

the appellant demonstrated a reasonable belief that he was disclosing a violation of an agency rule regarding the allocation of office space, he failed to establish his affirmative defense of whistleblowing by preponderant evidence. ID at 15-16. The proposing and deciding officials both testified that they were unaware of the appellant's purported disclosure and, despite his opportunity to question all the relevant agency officials on this matter, the appellant failed to elicit any evidence to the contrary, or any evidence of a conspiracy between those officials. ID at 16. Moreover, to the extent that the appellant is arguing that agency officials committed a prohibited personnel practice proscribed by 5 U.S.C. § 2302(b)(9)(D), removing him for refusing to obey an order that would require him to violate a law, "the right-to-disobey provision at section 2302(b)(9)(D) extends only to orders that would require the individual to take an action barred by statute." *Rainey v. Department of State*, 122 M.S.P.R. 592, ¶ 11 (2015). Because, as noted above, the appellant alleged herein that the agency's request would cause him to violate a FAR, not a statute, 5 U.S.C. § 2302(b)(9)(D) is not applicable to the circumstances at issue.

¶14      Next, the appellant claims that the administrative judge abused her discretion in ruling on discovery, PFR File, Tab 1 at 16, but the record does not indicate that the appellant ever filed a motion to compel discovery below. His failure to file a motion to compel precludes him from raising a discovery dispute for the first time on review. *See, e.g.*, *Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006). In any event, even if the appellant had filed a motion to compel, he has not shown how the information he sought to discover would have changed the result in this appeal. *See id.*

¶15      The appellant also contends that the administrative judge abused her discretion regarding witnesses. PFR File, Tab 1 at 16-18. The administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses where it has not been shown that their testimony would be relevant,

material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). In the prehearing conference summary, following her rulings on the parties' witness requests, the administrative judge instructed the parties that her rulings therein would become final unless they filed timely objections. IAF, Tab 15 at 10. Although the appellant filed a motion for the administrative judge to reconsider one of the witnesses she excluded, which the administrative judge denied, IAF, Tabs 18-19, he does not allege on review that the administrative judge improperly did so. Other than that motion, which did not involve any of the witnesses identified in his petition for review, the record does not reflect that the appellant objected to the administrative judge's rulings on witnesses. The appellant's failure to timely object to the administrative judge's rulings on witnesses below precludes him from doing so on petition for review. *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). Moreover, the appellant's arguments on review do not show that any of the testimony he contends that he would have elicited from any of the witnesses, including those that the administrative judge admitted or those that the appellant alleges she improperly excluded, could have established that the agency's instruction would have placed him in danger or would have caused him irreparable harm.

¶16    As for the documents the appellant submits on review, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant makes no such showing,[2] and the documents themselves appear to date from before the close of the record below.

---

[2] The appellant also contends that the administrative judge granted the agency's motion to reopen the record, but denied his motion to do the same. PFR File, Tab 1 at 18. The record reflects, however, that the record was not closed when the appellant sought to reopen it, and the administrative judge denied the appellant's motion as unnecessary, specifically reassuring him that he would have the opportunity to submit additional evidence. IAF, Tab 22 at 2.

PFR File, Tab 1 at 21, 26, 32, 36; ID at 19. Moreover, because the documents address either the certification of CORs or the appellant's training record, PFR File, Tab 1 at 21-36, and we agree with the administrative judge that, regardless of the appellant's COR certification status, he failed to establish that obeying the instruction would have placed him in a clearly dangerous situation, or would have caused him irreparable harm, ID at 8, the documents are not relevant to the charged misconduct in this matter.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

<u>Discrimination Claims: Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this

order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.