NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3341

GEORGE K. SZEJNER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  February 13, 2006

_____

Before MAYER, RADER, and PROST, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) affirmed the Office of Personnel Management's (OPM's) reconsideration decision denying Mr. Szejner's application for disability retirement benefits under the Federal Employees Retirement System (FERS). Szejner v. Office of Pers. Mgmt., No. PH-844E-04-0208-I-1 (M.S.P.B. July 18, 2005) (Board Opinion).  This court affirms.

I.

Mr. Szejner was a Community Supervision Officer for the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA) until his removal from service on May 31, 2002.  In August 2003, Mr. Szejner filed an application for disability retirement based on a diagnosis of atrial fibrillation and overactive thyroid in

February 2003. OPM denied his application, finding that Mr. Szejner had not proven the link between his medical condition and the documented deficiencies that triggered his removal. OPM further found that Mr. Szejner was ineligible for disability retirement because he was no longer a federal employee at the time his disability was diagnosed in February 2003. Mr. Szejner appealed OPM's decision to the Board. In an initial decision, the administrative judge affirmed OPM's denial, finding that Mr. Szejner did not to prove he was disabled when employed by CSOSA.

On petition for review, Mr. Szejner claimed that he was denied due process because OPM did not respond to his discovery requests or serve him with memoranda. Mr. Szejner also argued that because the Social Security Administration (SSA) had approved his claim for social security disability benefits, he was entitled to FERS disability benefits. The Board affirmed the initial decision, but modified that decision to address Mr. Szejner's social security disability benefits arguments. The Board concluded that the SSA's decision was based on a finding of disability subsequent to Mr. Szejner's employment and so was not relevant to his FERS claim. Board Decision, slip op. at 8. Mr. Szejner timely filed a petition for review with this court.

II.

This court possesses limited authority to review a Board decision. The Board's decision must be affirmed unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703 (c) (2000); see Briggs v. Merit Sys. Protection Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Moreover, when OPM denies an application for disability

retirement under FERS, this court cannot review the factual underpinnings of that decision. Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985). Instead, this court's review is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Id. (citation and quotes omitted). Much of Mr. Szejner's petition to this court addresses the factual basis for the denial of his application. This court cannot review the factual underpinnings of OPM's denial.

Mr. Szejner does raise two issues for this court's review. Mr. Szejner asserts that the Board erred because: (1) it incorrectly assumed that that an employee must both become disabled and apply for disability benefits while employed in a position subject to FERS; and (2) it incorrectly decided that Mr. Szejner had not filed a motion to compel discovery.

First, the Board did not assume that an application for disability benefits must be filed while the applicant is still employed. OPM has already conceded that Mr. Szejner's application was timely. Rather, the Board stated: "To be entitled to FERS disability retirement . . . the appellant must have become disabled while employed in a position subject to FERS." Board Decision, slip op. at 7 (citing 5 U.S.C. § 8451(a)(1); 5 C.F.R. § 844.103(a)(2)). The Board then explained that because the SSA disability determination was for a time period beginning after Mr. Szejner's removal, it did not follow that OPM's denial decision was incorrect.

Second, the Board's decision is clear on the discovery issue. It did not assert that Mr. Szejner had not filed any motion to compel discovery, but that the motion to

compel discovery he did file was directed to information relevant to his removal, and not relevant to his application for disability benefits. See Board Decision, slip op. at 4. Inferring much from Mr. Szerjner's petition to this court, there appears to be another discovery request that he made for information that may have been material to this FERS disability application. Regarding that information, for which no motion to compel discovery was apparently filed, the Board concluded that Mr. Szejner "has not demonstrated that he was prejudiced by OPM's alleged failure to respond to his discovery requests, as he has not shown that the information sought would change the outcome of this appeal." Id. This court sees no error in the Board's analysis. Moreover, Mr. Szejner does not explain in his petition to this court what information he was seeking, or what it might establish.

Because Mr. Szejner has not demonstrated that there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination, the Board's decision is affirmed.