**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CYNTHIA V. WHITE, | DOCKET NUMBER |
| Appellant, | DC-315I-16-0852-I-1 |
| v. | |
| DEPARTMENT OF HOUSING AND | DATE: May 19, 2022 |
| URBAN DEVELOPMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Susan L. Kruger, Esquire, Washington, D.C., for the appellant.

Elan Cameron, Washington, D.C., for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The agency appointed the appellant to a GS-15 Supervisory Budget Analyst position effective October 4, 2015, and, based on her subsequent performance, terminated her supervisory position and demoted her to a nonsupervisory GS-14 Budget Analyst position, effective July 26, 2016.  Initial Appeal File (IAF), Tab 8 at 19, 33, 34-35.  In her timely appeal of the agency's action, the appellant argued that, because she was not serving in an initial probationary period and the agency did not inform her of the requirement to serve a supervisory probationary period, the agency improperly failed to provide her with the procedures required by 5 U.S.C., chapters 43 and 75.  IAF, Tab 1 at 6.

¶3      The administrative judge advised the appellant of the elements and burdens of establishing jurisdiction over her appeal, i.e., that she was not serving in a supervisory probationary period or that she was entitled to the limited right of appeal set forth in 5 C.F.R. § 315.908(b).  IAF, Tab 2.  In response, the appellant asserted that:  (1) nothing required the agency to advise her of a requirement for her to serve a supervisory probationary period, but she interpreted the comments on her Standard Form 50 (SF-50) to be a determination that her prior supervisory

service satisfied any such requirement; (2) the regulations allowed tacking of her prior supervisory service to satisfy the requirement; and (3) without discovery, she was unable to answer whether the agency had any policy regarding the use of prior experience to except an employee from the requirement of a supervisory probationary period. IAF, Tab 16, at 4-6. She also argued that the agency did not contend that she was serving a probationary period until after it became dissatisfied with her performance. *Id.* at 7.

¶4      Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1 at 2, Tab 18, Initial Decision (ID). She first found that the appellant was required to serve a supervisory probationary period and that the agency's alleged failure to advise her of the requirement to do so did not waive the requirement. ID at 4-7. The administrative judge then found that the appellant failed to make a nonfrivolous allegation that she had completed her supervisory probationary period prior to transferring to the position at issue here, finding her prior experience in several positions insufficient to be counted toward completing the required supervisory probationary period. ID at 7-8. Thus, based on her findings that the appellant failed to nonfrivolously allege that she had completed a supervisory probationary period, and that the appellant failed to allege that the agency demoted her based on marital status discrimination or partisan political reasons, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 9.

¶5      In her petition for review, the appellant reiterates the arguments she made below, contending that she was not required to serve a supervisory probationary period because of her prior supervisory experience. Petition for Review (PFR) File, Tab 1 at 4; IAF, Tab 16 at 4-6. She also argues that there is an agency policy permitting the use of prior experience to satisfy the requirement of a supervisory probationary period and that she should have been permitted

discovery on the issue. PFR File, Tab 1 at 4-5, 8. The agency responds in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 To be entitled to a jurisdictional hearing, an appellant need only raise nonfrivolous allegations that the Board has jurisdiction over her appeal. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). Under 5 U.S.C. § 3321, an individual serving in an initial appointment as a supervisor or manager in the competitive service is required to serve a probationary period. *Burton v. Department of the Air Force*, 118 M.S.P.R. 210, ¶ 7 (2012). An individual in the competitive service who has been promoted to a supervisory position and who does not satisfactorily complete the probationary period, "shall be returned to a position of no lower grade and pay than the position from which the individual was . . . promoted." 5 U.S.C. § 3321(b); *see* 5 C.F.R. § 315.907(a). Employees reassigned under these provisions have no appeal right to the Board unless they allege that the agency's action is based on partisan political affiliation or marital status. *See Burton*, 118 M.S.P.R. 210, ¶ 7.

<u>The appellant failed to present a nonfrivolous allegation that she was not subject to a supervisory probationary period, that she had completed such a probationary period, or that her reassignment resulted from partisan political affiliation or marital status.</u>

¶7 An "initial appointment as a supervisor" does not "become[ ] final" until the appointee completes a supervisory probationary period. 5 U.S.C. § 3321(a); *Levy v. Department of Labor*, 118 M.S.P.R. 619, ¶ 11 (2012). The regulations implementing 5 U.S.C. § 3321(a) provide that an employee "is required to serve a probationary period prescribed by the agency upon initial appointment to a supervisory . . . position." 5 C.F.R. § 315.904(a); *see Levy*, 118 M.S.P.R. 619, ¶ 11. An employee who was promoted to a supervisory position and does not

satisfactorily complete the supervisory probationary period "shall be returned to a position of no lower grade and pay than the position from which the individual was . . . promoted." 5 U.S.C. § 3321(b); *Levy*, 118 M.S.P.R. 619, ¶ 11. A return to a lower-graded position under such circumstances is not appealable to the Board as an adverse action under 5 U.S.C. §§ 7512(3) and 7513(d). *Levy*, 118 M.S.P.R. 619, ¶ 11. When, as here, the facts suggest that the appellant would have been a probationary supervisor at the time of the alleged reduction in grade, the appellant must show that she was not required to serve a supervisory probationary period or that she completed such a probationary period before the reduction in grade to establish jurisdiction. *Id.*

¶8        We agree with the administrative judge that the appellant was required to serve a supervisory probationary period. ID at 4, 6; *see* 5 U.S.C. § 3321; 5 C.F.R. §§ 315.901, .904(a). Moreover, the record reflects that the agency gave the appellant notice of this requirement in the September 25, 2015 welcome letter it sent to her before she reported for duty and in a corrected SF-50 it processed contemporaneously with the other SF-50 the appellant submitted with her initial appeal. IAF, Tab 8 at 19, 33, Tab 1 at 8. We also agree that the appellant failed to make a nonfrivolous allegation that she completed her supervisory probationary period, either in the Supervisory Budget Analyst position or prior to transferring into it. ID at 7. The administrative judge found that only one of the appellant's former positions, a Senior Financial Analyst position at the Department of Transportation (DOT), required a supervisory probationary period, but the appellant served for less than a year in the position. ID at 2-3, 7. We agree with the administrative judge that the appellant's service at DOT does not count toward the supervisory probationary period here because she did not transfer to the Supervisory Budget Analyst position directly from her supervisory position at DOT. ID at 7; IAF, Tab 6 at 38, Tab 8 at 19, 33; *see* 5 C.F.R. § 315.906(a).

¶9        The administrative judge also found that the appellant failed to nonfrivolously allege that her service was creditable under agency policy as provided in 5 C.F.R. § 315.906(d).  ID at 7-8.  In her petition for review, the appellant argues that the agency presented contradictory information regarding such a policy and that the administrative judge should have permitted discovery to address the issue.  PFR File, Tab 1 at 8.  Nevertheless, the record reflects that the administrative judge gave the parties notice of the Board's discovery procedures in her acknowledgment order, and it does not reflect that the appellant, who was represented by counsel in this proceeding, filed a motion to compel discovery before the record closed on the jurisdictional issue.  IAF, Tab 2 at 4-5, Tab 11 at 5.  Because the appellant did not file a motion to compel discovery, she has failed to preserve the issue for the Board's review.  *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

¶10       Moreover, the declarations the appellant cites in her petition for review do not conflict but instead address two different issues.  In one declaration, the declarant states that the agency has no policy of its own regarding the use of prior service in this context and instead relies on the provisions set forth in the Code of Federal Regulations.  IAF, Tab 17 at 45-46 (declaration of L.H.).  The other declarant specifically asserts that, under guidance from the Office of Personnel Management, he determined that the appellant's individual experience as a code 7 team leader at the Consumer Products Safety Commission was insufficient to waive the supervisory probationary requirement.  IAF, Tab 9 at 10-11 (declaration of B.G.), 13, 24, Tab 6 at 40.  Neither declarant indicates or identifies that the agency has a policy regarding whether service is creditable in situations when an employee has failed to complete a probationary period. 5 C.F.R. § 315.906(d).  Thus, we agree with the administrative judge that the agency did not have a policy to make the service in the appellant's prior incomplete supervisory probationary period creditable for tacking that service to

her most recent service for the purpose of completing her supervisory probationary period.  ID at 7-8.

¶11    Accordingly, we find that the administrative judge correctly dismissed the appeal based on the written record without holding a hearing.  *See Garcia*, 437 F.3d at 1344.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

>U.S. Court of Appeals
>for the Federal Circuit
>717 Madison Place, N.W.
>Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                      /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.