**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ERIKA GOODMAN, | DOCKET NUMBER |
| Appellant, | CH-0752-21-0327-I-1 |
| v. | |
| DEPARTMENT OF LABOR, | DATE: May 1, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Erika Goodman, Hazel Crest, Illinois, pro se.

Carolyn Cheung, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal based on the charges of misuse of a Government travel card

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

and lack of candor. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    On petition for review, the appellant submits new evidence, namely a final agency decision (FAD) in her equal employment opportunity (EEO) complaint dated June 7, 2021. Petition for Review (PFR) File, Tab 1 at 10-43. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider a new argument raised for the first time on review absent a showing that it is based on new and material evidence). The appellant offers no explanation why she did not submit the FAD, which the agency issued 3 months prior to the hearing, into the record during the pendency of her appeal. PFR File, Tab 1 at 4-8. Even if we were to consider this document, neither the FAD nor the appellant's arguments on review provide a basis for disturbing the administrative judge's finding that she had not met her burden to show that her EEO activity was

a motivating factor in the removal action.[3]  Initial Appeal File (IAF), Tab 27, Initial Decision (ID) at 20-22.

¶3    The administrative judge noted that it was undisputed that the appellant had filed an EEO complaint and that there was "some evidence in the record tending to show that the proposing and deciding officials may have had general knowledge" that the appellant had filed a complaint.  ID at 21.  Nonetheless, she found credible the testimony of both officials that the EEO activity had no impact on the removal action and that the timing of the removal action alone was insufficient to infer a retaliatory motive.  ID at 22.  Moreover, the administrative judge noted that the routine administrative audit and management's referral of the matter to the OIG occurred before the appellant filed her informal EEO complaint on November 1, 2019.  *Id*.; IAF, Tab 20 at 18; PFR File, Tab 1 at 10.  The agency does not challenge the administrative judge's finding that the proposing official was aware of the EEO complaint.  ID at 21; PFR File, Tab 5 at 14.  The appellant's arguments on review essentially amount to a disagreement about when exactly the proposing official found out about her EEO complaint.  PFR File, Tab 1 at 4-5.  We agree with the administrative judge that the appellant failed to establish that her November 1, 2019 EEO complaint was a motivating factor in her removal, which stemmed from a routine audit that occurred several months prior to the complaint.

¶4    The appellant's remaining arguments on review are unavailing.  She does not specifically challenge the administrative judge's findings that the agency proved the charges of misuse of a Government travel card and lack of candor, the nexus between the appellant's misconduct and the efficiency of the service, and

---

[3] Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding the appellant's claim of retaliation for EEO activity, we do not reach the question of whether her protected EEO activity was a "but-for" cause of the removal action.  *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

the reasonableness of the penalty of removal, and we discern no basis for disturbing these findings. PFR File, Tab 1 at 4-8; ID at 5-19; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987). The appellant's arguments regarding her affirmative defenses are essentially mere disagreement with the administrative judge's credibility determinations, and her conclusory assertions that various agency witnesses "deliberately and intentionally lied under oath" are unpersuasive. ID at 20-26; PFR File, Tab 1 at 5-7.

¶5      The administrative judge properly found that the appellant failed to prove any of her claims that the agency violated her right to due process. ID at 22-24. The appellant has provided no support for her assertion that she was entitled to all evidence in the agency's possession before the completion of the OIG investigation. ID at 23. She seemingly conflates the requirement under 5 U.S.C. § 7513(b)(1) that an employee against whom an adverse action is proposed is entitled to at least 30 days advanced written notice of the specific reasons for the action, with a requirement that the agency had to provide her such notice and the evidence from the audit prior to referring the matter to the OIG. PFR File, Tab 1 at 6-7; IAF, Tab 18 at 4; *cf. Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999) (stating that procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence, or if the deciding official considers new and material information).

¶6      The appellant argues that the OIG investigator withheld the second half of the transcript of her interview to benefit the agency, and she asserts that his testimony that the contents of this portion of the interview were unrelated to the charged misconduct in the appellant's removal was false. PFR File, Tab 1 at 6.

The appellant does not allege and there is nothing in the record suggesting that the deciding official received a complete copy of the interview transcript while the appellant received only the first half. Therefore, the appellant does not raise a due process claim that the deciding official received ex parte information to which she was not entitled. *See Stone*, 179 F.3d at 1376. To the extent that the appellant alleges that she tried to obtain the complete transcript through the discovery process and the agency failed to provide the documents, she did not file a motion to compel below and is precluded from raising this discovery issue for the first time on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006). Finally, regarding her claim that the agency improperly informed the deciding official that she had been on weather and safety leave for an extended period, the appellant offers no support aside from her conclusory argument that it was "not a coincidence" that the deciding official spoke to a subordinate employee in her office on April 21, 2021, and then sustained the proposed removal on April 26, 2021.[4] PFR File, Tab 1 at 7.

¶7     Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[4] The appellant described this due process claim as an affirmative defense of laches in her response to the affirmative defenses order. IAF, Tab 18 at 5. The administrative judge properly explained that this was part of the appellant's due process claim in both the summary of prehearing conference and the initial decision. ID at 23-24.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. _____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals

review within **60 days** of the <u>date of issuance</u> of this decision. <span style="color:blue">5 U.S.C. § 7703</span>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           /s/ for
                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.