**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

IVAN V. RUBTSOV,
   Appellant,

  v.

DEPARTMENT OF THE TREASURY,
   Agency.

DOCKET NUMBER
SF-0752-19-0138-I-1

DATE: June 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ivan V. Rubtsov, Van Nuys, California, pro se.

Richard I. Anstruther, Esquire, San Francisco, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

 The appellant has filed a petition for review of the initial decision, which sustained his removal pursuant to 5 U.S.C. chapter 75 based on two charges of discourteous or unprofessional behavior.[2]  Generally, we grant petitions such as

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

[2]  The agency also charged the appellant with failure to follow a management directive; however, it withdrew this charge at the start of the hearing.  Initial Appeal File, Tab 30,

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant argues that the administrative judge exhibited bias throughout the adjudication of his appeal. Petition for Review (PFR) File, Tab 1 at 3-6, Tab 4 at 4, 7-11. To this end, he alleges that the administrative judge previously was employed by the agency and, as such, he ruled in the agency's favor. PFR File, Tab 1 at 3-6, Tab 4 at 4, 7-11. The Board consistently has held that, in making a claim of bias against an administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999) (citing *In re King*, 1 M.S.P.R. 146, 151 (1979)). This presumption can be overcome only by a substantial showing of personal bias. *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions

---

Hearing Transcript at 4-5.

indicate a deep-seated favoritism or antagonism that would render fair judgment impossible. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010) (quoting *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002)).

Here, the administrative judge issued an order explaining that he previously was employed by the agency, and he provided both parties an opportunity to raise any concerns associated therewith. Initial Appeal File (IAF), Tab 8 at 1. Neither party responded. Because the appellant failed to raise any concerns associated with the administrative judge's prior employment at that juncture, he is precluded from raising this argument for the first time on review. *See Gensburg v. Department of Veterans Affairs*, 85 M.S.P.R. 198, ¶ 7 (2000); *see also Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (explaining that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Moreover, we find that the record is devoid of any bias indicating "a deep-seated favoritism or antagonism" that would render fair judgment impossible. *See Simpkins*, 113 M.S.P.R. 411, ¶ 5; *see also Morris v. Department of the Air Force*, 24 M.S.P.R. 41, 42-43 (1984) (reasoning that the deciding official's prior employment with the agency was not automatically indicative of compromised judgment).

The appellant avers that he was "denied the introduction of the witnesses that would support [his] credibility" and that "[t]here are documents related to the agency's credibility, concealment of documents and misrepresenting a truth that were not allowed by the judge to be introduced." PFR File, Tab 1 at 3-4 (grammar as in original). We discern no basis to disturb the administrative judge's reasoned conclusion that the proffered testimony of 6 of the appellant's 13 proposed witnesses was "either irrelevant or cumulative." IAF, Tab 19 at 2-3; *see Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011) (explaining that

the administrative judge has broad discretion to regulate the course of the hearing and to exclude evidence and witnesses that have not been shown to be relevant or material). Moreover, because the appellant does not identify the documents to which he refers, we find his contention that the administrative judge erroneously disallowed his documentary evidence unavailing.[3] *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

The appellant also contends that the administrative judge denied him a "line of questioning" that would have substantiated one of his affirmative defenses. PFR File, Tab 1 at 3. Although unclear, the appellant seemingly references a portion of the deciding official's hearing testimony regarding the deciding official's weighing of the evidence. *Id*. at 3, 6; IAF, Tab 30, Hearing Transcript at 140-42. We discern no basis to disturb the administrative judge's reasoned ruling that this line of questioning was irrelevant to the issues on appeal. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000) (explaining that an administrative judge has wide discretion to control the proceedings, including authority to exclude testimony he believes would be irrelevant or immaterial).

The appellant alleges that the administrative judge erroneously denied his discovery requests and that he improperly denied his request for additional time to complete discovery. PFR File, Tab 1 at 3, 6. Here, because the appellant failed to file a motion to compel before the administrative judge, he is precluded

---

[3] The appellant provides numerous documents with his petition for review, all of which he proffered before the administrative judge. PFR File, Tab 1 at 9-36. The administrative judge admitted all of these documents into the record, with the exception of a three-page printout from a tax court proceeding involving a taxpayer who testified against the appellant, and a six-page chain of emails. *Id*. at 20-22, 31-36; IAF, Tab 18 at 9-11, 101-06, Tab 19 at 3. To the extent the appellant is referring to either of these documents, we find them irrelevant to the matters at issue in this appeal; thus, we discern no basis to disturb the administrative judge's evidentiary ruling associated therewith. *See Thomas*, 116 M.S.P.R. 453, ¶ 4.

from raising discovery issues for the first time on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006); 5 C.F.R. § 1201.73(c). Moreover, the appellant both fails to identify the documents that he allegedly was denied in discovery and to explain how his rights were prejudiced by any such denial. PFR File, Tab 1 at 3; *see Vincent v. Federal Deposit Insurance Corporation*, 41 M.S.P.R. 637, 640 (1989) (finding unavailing the appellant's allegations of discovery-related adjudicatory errors when the appellant neither clearly identified the evidence he was precluded from obtaining nor explained how his rights were prejudiced by the alleged denial of such evidence). In denying the appellant's motion for additional time to complete discovery, the administrative judge explained that the appellant had failed to indicate what additional discovery he needed. IAF, Tab 14 at 3, Tab 17 at 1-2. Thus, we find that the administrative judge was well within his discretion in denying the appellant's request for additional time. *See Cassel v. Department of Agriculture*, 72 M.S.P.R. 542, 546 (1996) (explaining that, absent an abuse of discretion, the Board will not find reversible error in an administrative judge's discovery rulings).

The appellant contends that the administrative judge erroneously assessed witness credibility. PFR File, Tab 1 at 4-5, Tab 4 at 5-7. The appellant's arguments on review, which amount to mere disagreement with the administrative judge's findings, do not provide a sufficiently sound basis for reversal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

The appellant also reiterates that the agency violated his due process rights. PFR File, Tab 1 at 5-6, Tab 4 at 9, 11. In so alleging, he seemingly reasserts that the agency concealed relevant information and documents despite his union representative's requests for the same pursuant to 5 U.S.C. § 7114(b)(4). IAF, Tab 29 at 12; PFR File, Tab 1 at 6. The Board has found that a deciding official violates an employee's constitutional due process rights when he relies on "new

and material" ex parte information as a basis for his decisions on either the merits of a proposed charge or the penalty to be imposed. *See Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶¶ 7-8 (2012); *see also Gray v. Department of Defense*, 116 M.S.P.R. 461, ¶ 6 (2011). Here, we discern no basis to disturb the administrative judge's reasoned conclusion that, because there was no evidence to suggest that the deciding official considered any of the information sought by the appellant's union representative pursuant to 5 U.S.C. § 7114(b)(4), i.e., any "new and material" ex parte information, the appellant failed to show that the agency violated his due process rights.[4] ID at 33; *see Solis*, 117 M.S.P.R. 458, ¶¶ 7-8.

The appellant alleges on review that the administrative judge erred in finding that he failed to prove his affirmative defenses of harmful procedural error and reprisal for union activity. PFR File, Tab 1 at 5-6, Tab 4 at 9-11. However, we are unable to discern any specific allegations of error in his argument; rather, the appellant merely disagrees with the administrative judge's associated credibility determinations and findings of fact. PFR File, Tab 1 at 5-6, Tab 4 at 9-11. Thus, we discern no basis to disturb the initial decision. *See Crosby*, 74 M.S.P.R. at 105-06; *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

Last, the appellant seemingly contends that both the agency and the administrative judge misapplied the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). PFR File, Tab 4 at 7. We find this contention unavailing. The record reflects that both the deciding official and the administrative judge appropriately considered the *Douglas* factors. IAF, Tab 4 at 15-18; ID at 48-51; *see Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010) (explaining that, when the agency's charges are sustained, the

---

[4] To the extent the appellant seeks to have the Board determine whether the agency committed an unfair labor practice by failing to provide the requested information in accordance with 5 U.S.C. § 7114(b)(4), we agree with the administrative judge that the Board lacks jurisdiction over the issue. ID at 33 (citing *Fearon v. Department of Labor*, 99 M.S.P.R. 428, ¶ 3 n.1 (2005)).

Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised discretion within tolerable limits of reasonableness).[5]  To this end, the administrative judge analyzed the deciding official's consideration of the *Douglas* factors, and he reasonably concluded that the agency's selected penalty did not exceed the maximum reasonable penalty for the appellant's behavior.  ID at 51.  In so doing, he noted, among other things, that the appellant previously had received a 5-day suspension for conduct unbecoming an Internal Revenue Service employee and failure to observe written regulations, and that he proffered no mitigating factors.  IAF, Tab 4 at 35, 42-76; ID at 50-51.  Thus, we discern no basis to disturb the initial decision.

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] As stated, the agency withdrew its charge of failure to follow a management directive at the beginning of the hearing; thus, the administrative judge sustained only the two charges of discourteous or unprofessional behavior.  HT at 4-5; ID at 8, 27.  However, both the proposing official and the deciding official concluded that the first charge of discourteous or unprofessional behavior alone was sufficient to warrant the appellant's removal.  IAF, Tab 4 at 16, 33.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____

                         *Gina K. Grippando*
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.