# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LUIS A. LOPEZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>DE-0752-18-0098-I-1 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE:  April 26, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steve Newman</u>, Esquire, New York, New York, for the appellant.

<u>Melinda Varszegi</u>, Esquire, Sandy, Utah, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective November 22, 2017, the agency removed the appellant from his position as a Sales and Services Distribution Associate with the agency's Murray Post Office in Salt Lake City, Utah, based on a charge of unacceptable conduct. Initial Appeal File (IAF), Tab 7 at 11-16. In support of the charge, the agency alleged that on October 11, 2017, one of the appellant's coworkers (T.W.) repeatedly asked him to excuse her because she did not have sufficient space to move around him; however, he ignored her requests. *Id.* at 14. The agency alleged that T.W. then crouched down and leaned over equipment in order to proceed, and may have touched the appellant as she was moving past him. *Id.*

The agency further alleged that a few minutes later, the appellant and T.W. were walking down an aisle in opposite directions when the appellant stepped into T.W.'s path and collided with her, striking her body with such force that she lost her balance, stumbled back a couple of steps, and sustained an injury. *Id.* The agency alleged that T.W. then reported the appellant's actions to an agency manager, who instructed the appellant to leave the workroom floor; however, instead of doing so, the appellant repeatedly shouted, "What did I do?" and left the facility only after the manager told him that the police would be notified if he

did not follow her instructions. *Id.* Later that day, T.W. sought medical treatment for her injury and filed a police report. *Id.* at 56.

The appellant filed a Board appeal challenging his removal and he requested a hearing. IAF, Tab 1. He did not raise any affirmative defenses. IAF, Tab 5. After holding a hearing, the administrative judge issued an initial decision that affirmed the appellant's removal. IAF, Tab 25, Initial Decision (ID). The administrative judge found that the agency proved the charge by preponderant evidence, ID at 7-14, that there was a nexus between the charge and the efficiency of the service, ID at 16, and that the penalty of removal was reasonable. ID at 16-18.

The appellant has filed a petition for review in which he denies the alleged misconduct and asserts that, in finding that the agency proved the charge, the administrative judge failed to consider inconsistencies between T.W.'s hearing testimony and statements she made during an October 16, 2017 interview with a supervisor who was investigating the October 11, 2017 collision. Petition for Review (PFR) File, Tab 1 at 3; IAF, Tab 7 at 41-43. He also argues that the administrative judge improperly denied his witness requests and that the agency withheld evidence from him. PFR File, Tab 1 at 2-3.

The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 4.

## ANALYSIS

The Board need not consider the documents the appellant submits on review.

The appellant submits several documents on review, including the following: the police report filed by T.W. on October 11, 2017; the first page of a 3-page summary of T.W.'s October 16, 2017 interview, in which she recounts her history with the appellant; and two stalking injunctions and a summons that were served on the appellant in April and May of 2018. PFR File, Tab 1 at 5-9,

Tab 4 at 4-7. The Board will not consider evidence submitted for the first time on review unless the appellant shows that the evidence was unavailable before the record closed below despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d)(1). Further, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).

The excerpt from the summary of T.W.'s October 16, 2017 interview that the appellant submits on review is already part of the record and thus is not new. *Compare* PFR File, Tab 1 at 9, *with* IAF, Tab 7 at 41; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (evidence that is already part of the record is not new). Although the stalking injunctions and the summons postdate the close of the record, these documents pertain to various criminal proceedings against the appellant and have no bearing on this appeal. PFR File, Tab 4 at 5-7.

The rest of the documents that the appellant submits on review, including the police report, are either undated or significantly predate the close of the record, and the appellant has made no showing that any of those documents were unavailable before the close of the record despite his due diligence. PFR File, Tab 1 at 5-8, Tab 4 at 4. In that regard, we note that, although the appellant contends that he was unaware that T.W. had filed a police report until he was served with a stalking injunction on April 7, 2018, i.e., 5 days after the close of the record below, documentation in the record explicitly states that T.W. filed a police report following the collision. PFR File, Tab 1 at 2; IAF, Tab 7 at 56, Tab 23 at 2. This information was provided to the appellant and his attorney in January of 2018, more than 2 months before the record closed. IAF, Tab 7 at 63.

Thus, the appellant was or should have been aware of the police report but made no effort to obtain it before the record closed. Given these circumstances, we find that the appellant failed to show that the police report was unavailable before the close of the record despite his due diligence.

Moreover, the appellant indicates on review that he is submitting the police report to impeach T.W.'s credibility. PFR File, Tab 1 at 2-3 (alleging that T.W.'s statements to the police as to the location of the first incident are inconsistent with her hearing testimony and that there are other unspecified discrepancies between T.W.'s statements to the police and her statements to the agency official during T.W.'s October 16, 2017 interview). It is well established that evidence offered merely to impeach a witness's credibility is not generally considered new and material. *Bucci v. Department of Education*, 42 M.S.P.R. 47, 55 (1989). Therefore, the Board need not consider any of the documents that the appellant submits on review. *Avansino*, 3 M.S.P.R. 211, 214 (1980).

<u>The administrative judge correctly found that the agency proved the charge by preponderant evidence.</u>

In finding that the agency proved the charge, the administrative judge fully set forth the facts underlying the charge and considered the hearing testimony and documentary evidence relevant to the charge, including the written statements of the appellant, T.W., the manager who instructed the appellant to leave the workroom floor on October 11, 2017, and several employees who witnessed the appellant's response to that instruction. ID at 2-14; IAF, Tab 7 at 17-20, 25-46. The administrative judge observed that witness credibility was critical in this appeal because the appellant and T.W. provided very different versions of their collision and there were no eyewitnesses. ID at 8. Applying the factors for resolving credibility issues set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), the administrative judge credited T.W.'s testimony regarding the October 11, 2017 collision over the appellant's conflicting testimony, finding that the appellant's version of events was inherently

implausible and that T.W.'s description of the events leading to the collision, and of the collision itself, was far more plausible than the appellant's version. ID at 11-12.

Moreover, contrary to the appellant's assertion on review, in his *Hillen* analysis, the administrative judge explicitly considered the inconsistencies between T.W.'s hearing testimony and her October 16, 2017 account of her initial encounter with the appellant on October 11, 2017. ID at 8-9. Specifically, the administrative judge noted that T.W. testified that she "brushed past" the appellant such that her "back and butt brushed passed him," whereas she stated in her written account of the incident, "I think our bodies may have touched slightly." *Id.*; IAF, Tab 7 at 42. The administrative judge found that the difference between the two statements was insignificant because T.W.'s statement and her hearing testimony both acknowledged the likelihood of bodily contact during the first incident. ID at 9.

By contrast, the administrative judge found that there was a significant inconsistency between the appellant's testimony and the statement he provided during the agency investigation regarding the issue of whether he refused to leave the workroom floor in response to the manager's directions. ID at 9. Specifically, the administrative judge noted that, during the agency investigation, the appellant "flatly denied" that he refused to leave the workroom floor; however, he testified at the hearing that he clocked out because he did not want to be arrested. *Id.*; IAF, Tab 7 at 34. The administrative judge found that this was a significant inconsistency because the potential for arrest only arose because the appellant refused to leave. ID at 9. The administrative judge concluded that the appellant's significant inconsistency far outweighed T.W's minor inconsistency. *Id.* Therefore, the administrative judge found, this credibility factor weighed in favor of the agency. *Id.*

The administrative judge further found that T.W. and the agency's other witnesses, including the manager who asked him to leave the workroom floor

following the collision, provided straightforward testimony that was consistent and plausible, whereas the appellant's testimony was disjointed and confused. ID at 13. In sum, the administrative judge found that the *Hillen* factors significantly weighed in favor of the agency and against the appellant, and that the agency therefore proved the charge by preponderant evidence. ID at 14.

Although the appellant disagrees with the administrative judge's credibility findings, the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. Consequently, we discern no reason to reweigh the evidence or substitute the Board's own judgment on the issue of the credibility of the witnesses. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 9 (2011) (finding that mere disagreement with an administrative judge's explained findings is not a basis to grant a petition for review). Accordingly, we find that the appellant's arguments on review do not provide a basis for disturbing the administrative judge's well-reasoned finding that the agency proved its charge.

The appellant's remaining arguments are unpersuasive.

In support of his argument that the administrative judge improperly denied his witness requests, the appellant asserts that his attorney informed him that the administrative judge did not approve the witnesses he requested because they did not "see anything."[2] PFR File, Tab 1 at 2. The appellant's contention that the administrative judge denied his witness requests is contradicted by the record, which shows that the appellant requested three witnesses, all of whom were

---

[2] In his reply to the agency's response to the petition for review, the appellant asserts that his attorney failed to adequately represent him, and he submits a witness list that he purportedly provided his attorney, which includes several agency employees who were not requested as witnesses for the appellant. PFR File, Tab 4 at 1, 4; IAF, Tab 13 at 5. To the extent that the appellant blames his attorney for failing to request additional witnesses, this argument provides no basis for disturbing the initial decision, as the Board has long held that an appellant is responsible for the errors of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

approved by the administrative judge;[3] however, the appellant did not call these witnesses at the hearing.  IAF, Tab 23 at 1.

Lastly, the appellant asserts that he requested a copy of a file pertaining to an investigation that the American Postal Workers' Union conducted on his behalf; however, they[4] have denied him access to the file.  PFR File, Tab 1 at 3. We consider the appellant's argument that the agency failed to provide him documents that he requested as an allegation that the agency denied his discovery request.  Because the appellant did not file a motion to compel below, his argument that he was denied discovery provides no basis for reversal of the initial decision.  *Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005) (finding that an appellant's failure to file a motion to compel discovery precluded him from raising an agency's failure to respond to discovery for the first time on petition for review), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should

---

[3] In the order approving the appellant's requested witnesses, the administrative judge also provided the appellant the opportunity to supplement his witness list; however, he did not do so.  IAF, Tab 13 at 5.

[4] It is unclear whether the appellant is referring to the union or the agency; however, for purposes of this appeal, we will assume that the appellant is referring to the agency.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>.**  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.