## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTOPHER JACKSON, | DOCKET NUMBER |
| Appellant, | DA-1221-20-0313-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: May 1, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Jackson</u>, Manvel, Texas, pro se.

<u>Arthur M. Whitman</u>, Esquire, and <u>Maria Lerma</u>, Houston, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied corrective action in his individual right of action (IRA) appeal. On petition for review, the appellant argues the following: (1) the administrative judge denied him the opportunity to engage in discovery; (2) the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge improperly relied on hearsay evidence; (3) the agency violated a union agreement; and (4) the agency failed to comply with Board regulations. Petition for Review (PFR) File, Tab 1 at 4-8, Tab 4 at 4-5.[2] Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Under the Whistleblower Protection Enhancement Act of 2012, an appellant may establish a prima facie case of retaliation for whistleblowing disclosures and/or protected activity by proving by preponderant evidence[3] that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the whistleblowing disclosure or protected activity was a contributing factor in the agency's decision to take a personnel action against him. 5 U.S.C.

---

[2] As noted by the appellant in his reply, PFR File, Tab 4 at 4, the agency states in its response that the "[a]ppellant fail[ed] to allege a nonfrivolous claim that would give the Board jurisdiction over this case," PFR File, Tab 3 at 4. We surmise that this statement was made in error; however, to the extent the agency is challenging the administrative judge's conclusion regarding jurisdiction, a different outcome is not warranted.

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

§ 1221(e)(1); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015). If the appellant makes out a prima facie case, the agency is given an opportunity to prove, by clear and convincing evidence,[4] that it would have taken the same personnel action in the absence of the protected disclosure or activity. 5 U.S.C. § 1221(e)(1)-(2); *Webb*, 122 M.S.P.R. 248, ¶ 6. In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

Here, the administrative judge concluded that the appellant made a prima facie case of whistleblower retaliation. Initial Appeal File (IAF), Tab 35, Initial Decision (ID) at 6-9. To this end, she found that he had engaged in protected activity under 5 U.S.C. § 2302(b)(9) insofar as he had filed a 2018 complaint with the Office of Special Counsel (OSC). ID at 6. She also found that he had shown vis-à-vis the knowledge/timing test[5] that his protected activity had contributed to the following: (1) a June 2019 detail; (2) a June 2019 no contact order; (3) a December 23, 2019 reassignment; and (4) the agency's denial of his request to serve as an interim supervisor between January 2019 and February 3, 2020. ID at 3-4, 6-9. She concluded, however, that the agency had met its burden of

---

[4] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. It is a higher standard than preponderant evidence. 5 C.F.R. § 1209.4(e).

[5] The knowledge/timing test allows an employee to demonstrate that a protected disclosure/activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Carey v. Department of Veterans Affairs*, 93 M.S.P.R. 676, ¶ 11 (2003).

showing by clear and convincing evidence that it would have taken all of these actions absent the appellant's protected activity. ID at 9-13. In so concluding, she found, based largely on witness testimony, that agency officials did not have a strong motive to retaliate against the appellant and had presented strong reasons for taking the subject actions. ID at 10-13. To this end, she recounted the testimony of agency management officials who explained that the appellant's behavior had contributed to a toxic work environment and had rendered certain agency employees fearful of him, which complicated his placement at the agency. ID at 11-13.

On review, the appellant avers that he was "denied discovery information" that would have helped his case. PFR File, Tab 1 at 7-8. This assertion, however, does not warrant a different outcome. Indeed, the record reflects that, because the appellant here failed to timely initiate discovery, the agency did not respond to his discovery requests. IAF, Tab 25 at 5 n.4. To the extent the appellant believed that his requests were timely or that the agency otherwise should have provided him with the information he sought, he could have filed a motion to compel; however, he did not. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005) (stating that, if an appellant fails to file a motion to compel before the administrative judge, the appellant is precluded from raising discovery issues for the first time on review), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006); 5 C.F.R. § 1201.73(c). Thus, the appellant's assertion is unavailing.

The appellant contends that the administrative judge erroneously considered hearsay evidence. PFR File, Tab 1 at 4-5. Specifically, he alleges that the administrative judge improperly relied on statements made by agency employees regarding their apparent fear of him. *Id.* He avers that these individuals harbored a grudge against him and were "not on the witness list." *Id.* at 5. Relevant hearsay evidence, however, is admissible in Board proceedings. *Hidalgo v. Department of Justice*, 93 M.S.P.R. 645, ¶ 20 (2003). Moreover, to

the extent the appellant wanted the subject individuals to testify at the hearing, he could have listed them as witnesses; however, he did not.[6]  IAF, Tab 25 at 6; *see Lohr v. Department of the Air Force*, 24 M.S.P.R. 383, 386 (1984) (reasoning that an appellant was not deprived of the right to question a witness when he could have requested and/or subpoenaed the witness but failed to do so).  Thus, a different outcome is not warranted.

The appellant contends that the agency violated specific provisions of a union agreement.  PFR File, Tab 1 at 5-7.  He seemingly argues that the agency's failure to comply with these provisions is indicative of malfeasance and retaliatory animus.  *Id.*  We find this argument unavailing.  The appellant did not discernably raise this specific claim before the administrative judge and has failed to demonstrate that it is based on new and material evidence that previously was unavailable to him despite due diligence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).  Moreover, the argument does not provide a basis to disturb the administrative judge's conclusion, based largely on credibility determinations, that the agency showed by clear and convincing evidence that it would have taken all of the personnel actions at issue in this matter absent the appellant's protected activity.  ID at 9-13; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing).

---

[6] The record reflects that the agency requested two of these individuals as witnesses, but the administrative judge denied the agency's request, finding that their testimony would be of limited relevance.  IAF, Tab 25 at 6.  Despite being provided an opportunity to do so, *id.* at 6-7, the appellant did not object to this finding or otherwise seek the testimony of these witnesses, *see Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (stating that an appellant's failure to timely object to rulings on witnesses precludes the appellant from doing so on petition for review).

Lastly, in his reply, the appellant asserts that the agency failed to comply with the Board's regulations. PFR File, Tab 4 at 4. In particular, he argues that the agency filed its response to his petition for review 1 day late. *Id.* We disagree. Board regulations provide that, if the date that ordinarily would be the last day for filing falls on a Saturday, Sunday, or Federal holiday, the filing period will include the first workday after that date. 5 C.F.R. § 1201.23. Here, the agency's response was due on a Sunday; accordingly, the agency permissibly filed the same the following workday. PFR File, Tab 2 at 1, Tab 3. Moreover, even if the agency's response had been untimely, the agency's tardiness would not entitle the appellant to corrective action or otherwise warrant a different outcome.

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination</u> <u>claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u> <u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding</u> <u>all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.