**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SAMUEL JASON WILLIAMS IV,<br>Appellant, | DOCKET NUMBER<br>AT-0752-22-0573-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: August 5, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Samuel Jason Williams IV</u>, Miami, Florida, pro se.

<u>Andrew James Patch</u>, Esquire, Tampa, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. On petition for review, the appellant argues that the administrative judge erred in finding that the agency proved certain specifications of its conduct unbecoming a Federal employee charge; disputes the administrative judge's conclusion that the appellant failed to prove his claim of race

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discrimination; argues that the videoconference hearing was insufficient and disagrees with how the administrative judge conducted the hearing; takes issue with the administrative judge's denial of his motion to compel and the agency's responses to his written discovery; and submits documents that are not contained in the record below. He makes new arguments based on these documents. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant offers allegedly new evidence on review in the form of a copy of the Hillsborough County Sheriff's Office law enforcement officer (LEO) log for the date of October 5, 2021, which he indicates he obtained from the Sheriff's Office in response to a Freedom of Information Act (FOIA) request. Petition for Review (PFR) File, Tab 2 at 10-11, Tab 4 at 11-12. He observes that the administrative judge denied his motion to compel the agency to produce a copy of the log. PFR File, Tab 2 at 9, Tab 3 at 6-7, 10. Based on the LEO log, the appellant argues that the agency's investigation into his misconduct was flawed because it did not include this document. PFR File, Tab 2 at 7-9, 12-13, Tab 3 at 5-7, 11-12, Tab 4 at 11-12.

¶3	The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). Because the appellant has not indicated when he requested the log, he has not demonstrated that he acted with due diligence. PFR File, Tab 2 at 10; *see Pena v. Department of Housing & Urban Development*, 48 M.S.P.R. 614, 615-16 (1991) (finding that an appellant failed to demonstrate due diligence in obtaining evidence when he did not state when he obtained it); *cf. Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 5 (2013) (explaining that the Board will not consider evidence that an appellant presents for the first time on review if she had an opportunity to obtain the evidence via discovery but did not do so). Therefore, we decline to consider the LEO log or the new arguments the appellant bases on the log. PFR File, Tab 2 at 10.

¶4	Nor do we discern any abuse of discretion by the administrative judge in denying the appellant's motion to compel the agency to provide a copy of the log. PFR File, Tab 2 at 7-9, 13-14, Tab 3 at 5, 12. Any motion for an order to compel must be filed with the administrative judge within 10 days of the date of service of the opposing party's response or, if there is no response, within 10 days after the response time has expired. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 71; 5 C.F.R. § 1201.73(d)(3). The party filing the motion must include, among other documents, a copy of the original discovery request and the response received, or a statement that no response was received. 5 C.F.R. § 1201.73(c)(1)(i)-(ii). An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings. *Pridgen*, 2022 MSPB 31, ¶ 71. It is within the administrative judge's discretion to deny a motion to compel that does not meet the timeliness and procedural requirements listed here. 5 C.F.R. § 1201.74 (stating that an administrative judge may deny a motion to compel discovery if a

party fails to comply with the requirements of 5 C.F.R. § 1201.73(c)(1) and (d) (3)).

¶5 The administrative judge denied the appellant's motion to compel because he did not file his motion within 10 days of the agency's September 23, 2022 response to his discovery request and did not provide a copy of his discovery request or the agency's response. Initial Appeal File (IAF), Tab 23 at 4-5, Tab 25 at 4-5, Tab 26. Even if the motion were properly filed, the administrative judge observed that the appellant's discovery request, a copy of which the agency provided in its response to the appellant's motion to compel, did not include a request for the LEO log. IAF, Tab 24 at 10-22, Tab 26 at 2; *see Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 30 (2007) (concluding that an administrative judge's failure to rule on an appellant's motion to compel was harmless error because the motion did not comply with the Board's regulatory requirements). We discern no abuse of discretion. To the extent that the appellant generally argues that the agency's responses to his discovery request were "false and misleading," we are not persuaded. PFR File, Tab 3 at 6-7.

¶6 The appellant argues that the agency was required to affirmatively produce a copy of the LEO log and that the agency's investigation into his misconduct was deficient because it did not include a copy of the log. PFR File, Tab 2 at 12-14, Tab 3 at 5, 12. The appellant raises these arguments for the first time on review based on the copy of the LEO log that he obtained through his FOIA request. Because the appellant has not shown that he exercised due diligence in obtaining the log, we decline to consider this new argument. *See Clay*, 123 M.S.P.R. 245, ¶ 6. More fundamentally, the appellant has not provided any evidence that the agency was in possession of the LEO log. In fact, the official who proposed the appellant's removal denied ever seeing the log. Hearing Transcript, Day 1 at 207 (testimony of the proposing official). Although an agency investigator submitted a request to the Sheriff's Office for "all reports and body worn camera footage" of the incident, he did not request the LEO log.

IAF, Tab 6 at 44. Further, a copy of the log was not contained in the agency's report of investigation into the incident. *Id.* at 18, 24-25. Therefore, the appellant has not presented any evidence suggesting that the agency suppressed the log.[2]

¶7     Regarding his race discrimination claim, the appellant makes a new argument on review that his first-level supervisor lied on an affidavit that he submitted in connection with an equal employment opportunity (EEO) complaint that the appellant filed. PFR File, Tab 4 at 6-9. According to the appellant, the individual who proposed his removal did not take any action against the appellant's first-level supervisor.[3] *Id.* at 8-9. The appellant argues that the proposing official treated his first-level supervisor more leniently because he, unlike the appellant, is Caucasian. *Id.* at 8-9. We interpret this argument as a claim of disparate treatment.

¶8     One way an appellant may establish a discrimination claim is through comparator evidence, or evidence relating to the more favorable treatment of similarly situated employees. *Pridgen*, 2022 MSPB 31, ¶¶ 24, 27. To be

---

[2] The appellant argues that the agency provided deficient responses to his discovery request for email correspondence referencing his name that was sent or received by six identified individuals. PFR File, Tab 3 at 6-7; IAF, Tab 24 at 11, 46. The agency indicated in its response that it would provide the requested emails for two of the individuals identified by the appellant. An appellant is precluded from raising on review an agency's failure to respond to his discovery request when he did not file a motion to compel with the administrative judge. *Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006). In his motion to compel, the appellant generally requested that the administrative judge order the agency to produce responses to his interrogatories and request for production. IAF, Tab 23 at 5. The administrative judge acknowledged this broad language but concluded that the appellant had failed to "reference any particular interrogatories or requests for production of documents." IAF, Tab 26 at 1 n.1. Therefore, the administrative judge did not consider this request further. *Id.* The appellant never clarified the request below, and we do not interpret it as concerning his request for the emails he references on review. Accordingly, the appellant is precluded from raising the agency's allegedly deficient response on review.

[3] Neither party requested the appellant's first-level supervisor as a witness at the hearing, and he did not testify. IAF, Tab 28 at 9-11, Tab 35 at 19-23, Tab 44 at 7-8.

similarly situated, comparators must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *Id.*, ¶ 27. The appellant claims that he first learned about the dissimilar treatment between himself and his first-level supervisor when he deposed the proposing official in connection with his EEO case after the record closed in the instant appeal. PFR File, Tab 4 at 7-8.

¶9 The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Here, the appellant has presented no evidence that he and his first-level supervisor were similarly situated. The appellant does not address whether they shared the same duties, and it is patent that they had different supervisors. Most importantly, the alleged behavior of the appellant's first-level supervisor is not similar to that of the appellant. The appellant's first-level supervisor stated on his EEO affidavit that he "d[id] not recall" asking the appellant about a medical condition. PFR File, Tab 4 at 13. He later stated in his EEO deposition that the appellant had "jogged [his] memory" but when he filled out his EEO affidavit he "didn't recall saying anything about it." *Id.* at 14. The supervisor offered to amend his affidavit. *Id.*

¶10 The appellant's misconduct was not similar to his supervisor's mistaken recollection, and unlike his supervisor the appellant never admitted to his wrongdoing. *See Hylick v. Department of the Air Force*, 85 M.S.P.R. 145, ¶ 15 (2000) (agreeing with an administrative judge that an appellant and his alleged comparator were not similarly situated because the comparator recanted his misrepresentations before the agency questioned him while the appellant continued to lie); *Sanda N. v. Department of the Air Force*, EEOC Appeal No. 2023003129, 2024 WL 577333, at *8 (Feb. 1, 2024) (concluding that higher-level employees were not similarly situated to a complainant); *see also*

*Pridgen*, 2022 MSPB 31, ¶ 40 (stating that the Board generally defers to the Equal Employment Opportunity Commission (EEOC) on issues of substantive discrimination law unless the EEOC's decision rests on civil service law for its support or is so unreasonable that it amounts to a violation of civil service law). The appellant was removed for affirmatively misrepresenting that a personal courthouse visit was related to agency business, using his LEO position to carry a concealed weapon into the courthouse, and falsely identifying himself as "Sam O'Day." IAF, Tab 6 at 7-8. Other than admitting to carrying a concealed weapon, the appellant continued to deny he engaged in the alleged misconduct when responding to his proposed removal. IAF, Tab 4 at 32-33, 44-46, 50-51. Therefore, we decline to grant review based on this allegedly new evidence and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.